**Balwant SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2751–ag.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

Elizabeth Holmes, Bloomington, Minnesota, for Petitioner.

Paul I. Perez, United States Attorney, Tamra Phipps, Judy K. Hunt, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Balwant Singh, a native and citizen of India, seeks review of a May 18, 2006 order of the BIA denying his motion to reopen its June 13, 2002 order denying Singh's request for remand for consideration of a Convention Against Torture ("CAT") claim and affirming immigration judge ("IJ") Theresa Holmes–Simmons' March 19, 1999 decision denying Singh's applications for asylum and withholding of removal. *In re Balwant Singh*, No. A76 002 378 (B.I.A. May 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao v. DOJ*, 265 F.3d 83, 90 (2d Cir.2001). According to 8 C.F.R. § 1003.2(a), the BIA has discretion to grant or deny motions to reopen or reconsider, subject to the restrictions contained therein. One such restriction with respect to a motion to reopen mandates that the new evidence must appear to the Board to be material to the applicant's claim. 8 C.F.R. § 1003.2(c)(1) (2005). In support of his motion to reopen, Singh submitted documents detailing the treatment of the Sikh minority and Alkali Dal party members in the Punjab region of India. The BIA correctly found that this evidence was not material to his claim, as the IJ's underlying decision (which Singh did not challenge) was based on Singh's failure to present credible testimony and evidence indicating that he was a Sikh and a member of the Sikh student group, and had been persecuted on account of these religious and political beliefs. The instant case is distinguishable from *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006), where this Court held that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.*" Here, because the IJ found incredible Singh's claim that he was a Sikh and participated in Sikh political groups, any future claims for relief related to Singh's status as a practicing religious and political Sikh are fatally undermined by the IJ's adverse credibility finding. Because the IJ's adverse credibility determination regarding Singh's status as a Sikh and his political group membership stands unchallenged, changed country conditions regarding the persecution of Sikhs cannot materially affect the outcome of his case and overcome that finding. The BIA thus did not abuse its denying the motion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.